*528
 
 Battle, J.
 

 After the defendant in the attachment had appeared and replevied by giving bail, he stood in the same condition as if he had been brought into court by ordinary process, and he then had a right to require the plaintiff to file her declaration, or some written statement of her cause of action, such as he might accept in the stead of a declaration. This having been done, and it appearing from her statement that the plaintiff did not claim damages for a tort to her proper person or property, but sought to recover unliquidated damages for a breach of an alleged promise to marry her, the question arises whether such a claim comes within the meaning of the first section of the attachment law — Rev. Code ch. 7.
 

 The only subjects for which an attachment seems to be provided in the section alluded to, are debts, and demands for damages caused by a tort. It speaks of a person indebted to the plaintiff, or one who has endamaged him as thereinafter mentioned. The after-mentioned endamaging is unquestionably that which is provided for in the sixteenth section of the Act, and for which the plaintiff says she does not seek redress under that section. Her claim then must be, and her counsel asserts that it is, for a debt under the first section, and we have only to consider whether an unliquidated claim for damages arising from a breach of a promise to marry, can in any proper and legal sense be called a debt. We are decidedly of opinion that it cannot, and in support of our conclusion we refer to the reasoning of the court in the case of
 
 Minga
 
 v.
 
 Zollicoffer,
 
 1 Ire. 278, in which it was first held that a claim for damages caused by a trespass or other tort committed by the defendant, was not a debt within the meaning of the Attachment law. The damages which a jury might assess for the breach of such a contract are quite as uncertain as those which might be given for a trespass by an assault and battery on the person,
 
 *529
 
 and the amount of them as a debt can no more be sworn to by the plaintiff his attorney or agent, in the one case than in the other. The case of a tort committed by an abscon ding wrong-doer was, after the decision in
 
 Minga
 
 v.
 
 Zollicoffer,
 
 provided by the act now embraced in Rev. Code, ch. 7, ss. 16 17, but there is as yet no decision for a case like the present. The plaintiff by suing in trespass or trespass on the case for the wrong done to her might have had redress, had she proceeded under the sixteenth section of the Act within the time therein prescribed; or, as the defendant was not a nonresident, she might perhaps have proceeded against him by a judicial attachment, after a return of
 
 non est inventus
 
 to an original writ of capias.
 

 The judgment of the Superior Court is affirmed, and it must be certified to that court that this court is of opinion that the attachment was not a proper process to be sued out by the plaintiff in this case, that the writ ought to be quashed.
 

 Per Curiam.Judgment affirmed.